Dear Ms. Zeringue:
You have requested an opinion from this Office regarding what Louisiana law allows as a proper "cemetery use" of dedicated cemetery property under La.R.S. 8:304-306 ("the dedication provisions"). Specifically, you have presented us with the following factual scenario:
The Federal Emergency Management Agency (FEMA) proposes to provide funding from the Public Assistance Program under the . . . [Stafford Act] (42 U.S.C. §§ 5121-5206) for the demolition of the Thorny Lafon School . . .
The Attorney General responded to FEMA's earlier request for advice on the treatment of the property on March 18, 2010.[1] At that time you informed us that the demolition and removal of the current structure, the Thomy Lafon School, did not require a removal of the cemetery dedication under the dedication provisions and that there is no need to seek a judicial dededication of the cemetery property when the nonconforming use is removed.
 * * *
. . . FEMA is requesting your advice regarding the FEMA funded treatment of the Lafon School site once the buildings are removed.
It is within this factual framework that you present this Office with three specific questions related to possible future uses of the Thomy Lafon School site and structures ("Lafon School") and whether such uses would conform with the dedication provisions. Those questions are: *Page 2 
1. Can small portions of the non-conforming school structure, such as selected free-standing walls, sculpture, and planters, located on the cemetery property be left in place following the demolition of the non-conforming structure as part of a memorial display commemorating the historic cemetery and other earlier uses of the site?
2. Can a small interpretive display commemorating earlier uses of a site, including the historic cemetery, and providing information about a significant historic person indirectly associated with the site be constructed on the cemetery property?
3. Can salvaged building materials from the demolished non-conforming structure be used in the construction of the interpretive display?
Each of these specific questions is answered separately hereinbelow.
Can small portions of the non-conforming school structure, such asselected free-standing walls, sculpture, and planters, located on thecemetery property be left in place following the demolition of thenon-conforming structure as part of a memorial display commemorating thehistoric cemetery and other earlier uses of the site?
As we understand from discussions with you and your staff subsequent to the issuance of La. Atty. Gen. Op. No. 10-0018, it seems that the general course that FEMA intends to follow with regard to the future of the Lafon School property is to make that property into a green space or park. It is further our understanding that various public comments have suggested that a memorial to the school, the cemetery, and Mr. Lafon should be placed on the property following the demolition of the current structures.
Thus, keeping the above-noted plans in mind, it is clear from your question that the purpose for leaving portions of the Lafon School intact on the property would be for memorial purposes rather than for the use of the components for nonconforming purposes. It is our opinion that leaving portions of otherwise nonconforming uses intact on dedicated cemetery property for the purposes of memorialization or commemoration is consistent with the "cemetery uses" contemplated by the dedication provisions. This opinion is based upon the customary historical uses of cemetery property.[2] *Page 3 
Cemetery property, especially during the nineteenth century, was intended to be a place for leisure, contemplation, and commemoration.[3]
In fact, it was not unusual to see many significant cemeteries in the United States serving a dual purpose in the nineteenth and twentieth centuries of burial ground and park.[4] Because we see no difference between those historic uses and the proposed reason for leaving behind some components of the existing nonconforming uses, we are of the opinion that this scenario would be consistent with La.R.S. 8:304-306.
Can a small interpretive display commemorating earlier uses ofa site, including the historic cemetery, and providing informationabout a significant historic person indirectly associated with thesite be constructed on the cemetery property?
As with the scenario above and for the same reasons, it is our opinion that such a use would be consistent with the dedication provisions in La.R.S. 8:304-306, regardless of whether the commemoration is constructed from components remaining on the property or constructed from new components brought to the site for such a purpose.
However, should the construction of such a display require any amount of ground disturbance in a known cemetery, such activities would trigger the Louisiana Unmarked Human Burial Sites Preservation Act[5] ("the Unmarked Burials Act") and would require adherence with that law to ensure the protection of any human remains, burial artifacts, and the burial site generally.[6] The Unmarked Burials Act is not triggered if the commemorative display is constructed on already-existing foundations from the preexisting structures (i.e., constructing the displays in such a way as to avoid any new adverse impacts to the cemetery).
Can salvaged building materials from the demolished non-conformingstructure be used in the construction of the interpretive display?
This question is not directly related to the application of Louisiana cemetery law to FEMA's plans for the Lafon School site, with one caveat: It is our opinion that no building materials from existing "cemetery spaces"[7] can be reused in the construction of the interpretive display absent compliance with the Unmarked *Page 4 
Burials Act as well as La.R.S. 8:308, 8:903, and 8:903.1.[8] As explained above, the incorporation of non-cemetery structures into the commemorative display presents no cemetery dedication or Unmarked Burials Act problem, provided that the actual subsurface is undisturbed.
The remainder of the answer to your question is one of Louisiana property law. From a cemetery law standpoint, aside from the caveat noted above, there is no limitation on the source of the materials for commemorative displays. Whether materials from the existing structure may be reused depends on who owns these materials and whether that owner consents to the use of the materials.
Based upon conversations with you and your staff, it is our understanding that the Lafon School property is owned in fee title by the Orleans Parish School Board ("OPSB"). The assets of the OPSB, while retained in fee, are currently managed by the Recovery School District ("RSD"). Because the materials of the Lafon School are currently component parts of the immovable property owned by the OPSB, under La.C.C. Art. 465, permission for their reuse normally must be sought from the owner — the OPSB.[9] However, because the RSD is the current manager of the OPSB's Lafon school property, [10] it is our opinion that the RSD is the proper entity from which to seek authority to reuse the building materials from the Lafon School. We are aware of no problems with this approach from a cemetery law perspective.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
By: ___________________
RYAN M. SEIDEMANN
Assistant Attorney General
[1] The response to which you refer is La. Atty. Gen. Op. No. 10-0018.
[2] This is an important point, as, in the absence of any positive law on this issue in Louisiana, looking to the customary uses of such property can serve as a legal basis for interpreting the proper uses of the property today. La.C.C. Art. 1 (noting that custom is a source of law in Louisiana).
[3] See generally, David C. Sloane, THE LAST GREAT NECESSITY: CEMETERIES IN AMERICAN HISTORY (The Johns Hopkins University Press 1995).
[4] Id.
[5] La.R.S. 8:671, et seq.
[6] The reference to a "known cemetery" here is not intended to imply that we are of the opinion that all cemeteries are subject to the purview of La.R.S. 8:671, et seq. See La. Atty. Gen. Op. No. 08-0135. Rather, it is intended to note that, when undertaking ground disturbances on property covered by the Unmarked Burials Act, compliance with that law is mandatory.
[7] "Cemetery space" is defined in La.R.S. 8:1(12) as "a grave, crypt, vault, niche, tomb, lawn crypt, or any other property used or intended to be used for the interment of human remains."
[8] We should note that there is no indication that FEMA intends to use cemetery space materials in such a construction. We merely note this exception to the reuse of materials from the site in general as an important caveat to bear in mind in any project involving cemeteries.See La. Atty. Gen. Op. No. 07-0183 for a discussion of the application of La.R.S. 8:308, 8:903, and 8:903.1 to the alteration of cemetery spaces.See also La.R.S. 25:931, et seq.
[9] We note that La.C.C. Art. 472 recognizes that building materials can be either immovables or movables, based upon whether they have been removed from a demolished building. In certain circumstances, this distinction matters (i.e., when certain liens attach to different parts of a property, etc.). However, in this case, because there is unity of ownership between the underlying ground and the current structure (i.e., the OPSB owns both), we are of the opinion that this distinction is of no moment for the purposes of this opinion.
[10] La.R.S. 17:1990(B)(4)(a) and La.R.S. 17:1990(B)(4)(b)(i). Seealso La. Atty. Gen. Op. Nos. 06-0207; 06-0209; 06-0318; and 07-0103.